**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSARIO REYNOSO QUIEJU DE FERNANDEZ; et al., | No. 08-72895 |
| Petitioners, | Agency Nos.    A099-447-928 |
| v. | A099-447-929 |
| | A099-447-930 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:      CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Rosario Quieju De Fernandez and her family, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

their applications for asylum, withholding of removal, and relief under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the BIA's findings of fact, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and review de novo due process claims, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The evidence does not compel the conclusion that De Fernandez established extraordinary circumstances excusing her untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, De Fernandez's asylum claim fails. Because she is not eligible for asylum, we do not reach her humanitarian asylum claim.

Substantial evidence supports the BIA's determination that De Fernandez failed to establish that she was or would be persecuted on account of any protected ground. *See Elias-Zacarias*, 502 U.S. at 481-84; *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). Accordingly, De Fernandez's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of De Fernandez's CAT claim because she failed to show it is more likely than not that she would be

tortured by or with the acquiescence of the government if she is returned to Guatemala. *See Arteaga v. Mukasey*, 511 F.3d 940, 948–49 (9th Cir. 2007).

We lack jurisdiction to review petitioners' claim that the IJ violated their due process rights because they did not raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to consider claims that have not been exhausted before the agency). Petitioners' claim that the BIA denied their due process rights fails because petitioners point to no error by the BIA. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail in due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.